No. 25681

**The People of the State of Colorado v. Robert G. Bailey**
(503 P.2d 1023)

Decided December 4, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

Samuel Berman, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is a proceeding in discipline against Robert G. Bailey in connection with several complaints made against him in which he was charged with conducting himself contrary to the highest standards of honesty, justice and morality. These matters were referred to the Grievance Committee of this court, which held a hearing thereon and made its recommendations to us.

The respondent was directed to file exceptions to that report if he desired to do so. He filed a statement advising the court that he did not wish to file any exceptions to the report and recommendations of the Committee.

With respect to the first charge, the Committee found that on November 29, 1968, respondent was appointed co-executor of an estate worth some $1,000,000 to $1,500,000. The Committee found that he had failed to act with reasonable

diligence in preparing and closing the estate, and that his delays in handling this estate caused substantial additional inheritance taxes in the form of interest and penalties to be assessed against this estate. The Committee found that he failed to take available and reasonable steps to pay the tax liabilities of the estate in apt time.

With respect to the second charge, the Committee found that the respondent was the attorney for an executor of another estate which was probated on July 3, 1969. It found that respondent had filed no inventory in this estate until after grievance procedures were filed, nor had respondent filed an intermediate report in this estate. The Committee also found that the respondent had failed to prepare and file timely inheritance tax applications in this estate and that as a result the estate was required to pay sums in addition to that which would have resulted from a timely filing. The Committee also found that respondent failed to move the estate along and bring it to a proper conclusion.

In the third complaint, the Committee found that respondent had also failed to file an inheritance tax application in another estate as required by law.

The Committee advised that respondent's handling of the three matters referred to above amount to gross negligence and unprofessional conduct. The Committee noted that respondent was willing to waive the balance of his fee in the first estate. The delays and delinquencies in handling these estates are inexcusable. The respondent had more than ample time to take the relatively simple action necessary in these estates.

Although the Committee found that there was no evidence of moral turpitude involved and no personal gain to respondent, the court was of the opinion that respondent's conduct in these matters did not meet the high standards of diligence and duty required of the legal profession. Clients' business simply must be processed in apt time, and respondent's failure to do so was indeed inexcusable in these cases.

The respondent is publicly reprimanded for his dereliction of duty, and his continuing status as a member of

the Bar of this court is in serious jeopardy. Respondent is solemnly warned that repetition of these violations or any other breach of his duty as a lawyer will be sufficient cause for more severe disciplinary action.

The respondent is assessed costs in this matter in the sum of $436.10, which he is directed to pay into the Registry of this court within 90 days.