## No. 25925

**The People of the State of Colorado v. James M. Pughe**
(513 P.2d 1061)

Decided September 12, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

James M. Pughe, pro se.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Mr. Pughe, you stand before this court today in connection with several complaints which have been made against you in which you have been charged with conducting yourself contrary to the standards which are required of a lawyer by the rules of this court. The matters were referred to the Grievance Committee of this court, which held a hearing thereon and made its recommendation to us that you be publicly censured and assessed the costs of these proceedings.

You were directed to file exceptions to the report if you desired to do so and you did file two such exceptions. The court has considered these exceptions and has determined to proceed with the public censure.

■ You have been charged in the matter of twelve different estates with neglect of your professional duties in the handling of these estates. The records concerning these estates in the probate court indicate that you have consistently failed to act with reasonable diligence in preparing and closing these estates and in dealing with inheritance tax matters concerning these estates. The records also show that you have been warned many times by the probate judge that disciplinary action would be commenced against you if you failed to perform your duties, but that you persisted in your failure to perform. You point out that you believe that your failure in the handling of these estates is somehow justified or rendered excusable by other commitments you made in the community and to other clients. In this, Mr. Pughe, you are mistaken. Your obligation was to render adequate professional services in these estates, and your personal problems are no justification for your negligence in the manner in which these estates were handled.

Our committee found that these were not isolated instances of conduct, but almost a pattern, and that while the evidence indicates that you were both honest and sincere in your actions, this in no way excuses your almost complete non-feasance. It is true that no client suffered substantial loss from your actions nor did any of your clients complain, but this does not excuse the gross negligence which you displayed in failing to reasonably carry out your duty to take care of your clients' business in apt time.

Mr. Pughe, you are publicly reprimanded for your dereliction of duty. You are solemnly warned that repetition of these violations or any other breach of your duty as a lawyer will be sufficient cause for more severe disciplinary action. You have advised us that you now have cleared up those matters which can be cleared up and that you have corrected the problems. We sincerely hope so, and we trust that you will never again be before this court for dereliction of your

duty.

You are assessed costs in this matter in the sum of $259.25, which you are directed to pay into the Registry of this Court within 90 days.