**In re the Disciplinary Matter Involving Richard B. COLLINS, Respondent Attorney.**

**No. 3572.**

Supreme Court of Alaska.

Aug. 18, 1978.

R. Everett Harris, Jensen, Harris & Roth, Anchorage, for respondent.

Herbert A. Ross, Anchorage, for Alaska Bar Ass'n.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, BURKE and MATTHEWS, JJ.

RABINOWITZ, Justice.

Respondent Richard B. Collins was charged with violating Disciplinary Rule 6–101(A)(3), Code of Professional Responsibility, which provides that "A lawyer shall not . . . [n]eglect a legal matter entrusted to him."[1] The basis for the charge was that respondent had neglected seven separate estates in which he was the attorney for the personal representatives.

A hearing was conducted by a Hearing Committee of the Alaska Bar Association.[2] At this proceeding, Collins did not dispute the allegation that he had neglected these probate matters. On the other hand, Collins offered testimony in mitigation of the

---

**1.** Alaska Bar Rule II–11 provides:

Acts or omissions by an attorney, individually or in concert with any other person or persons, which violate the Code of Professional Responsibility of the American Bar Association shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship.

Regarding types of discipline, Rule II–12 of the Alaska Bar Rules, states:

Misconduct shall be grounds for:
(a) Disbarment by the Court; or
(b) Suspension by the Court for a period not exceeding five years; or
(c) Public censure by the Court; or
(d) Private reprimand by the Disciplinary Board; or
(e) Private informal admonition by Bar Counsel.

**2.** Hearing committees are provided for under Rule II–14 of the Alaska Bar Rules.

charged neglect. He testified that the delays in processing these estates stemmed in large measure from a mental-emotional block which was caused by the suicide of a close personal friend. Collins informed the committee that this made it difficult for him to do work on estates of deceased persons.

At the conclusion of the proceeding, the Hearing Committee issued findings and recommendations to the Board of Governors.[3] In its findings, the Hearing Committee found, in part:

It appears undisputed that with the possible exception of the Helmerson Estate any one of these estates should have been closed within two years or less after the opening of the file.[4]

In its recommendations, the Hearing Committee concluded, "based upon the admission of Richard B. Collins and the facts contained in the evidence hereinabove recited," that

Richard B. Collins did neglect legal matters entrusted to him by failing to conclude the Estates recited in these Findings within a reasonable time and does

further find that such failure on the part of Richard B. Collins constitutes a violation of DR6–101(A)(3). The finding of the Committee is based entirely on what considers to be inexcusable delay . ..

It is the recommendation of this Committee that Richard B. Collins shall receive public censure by the Court (Rule 12(c) of the Alaska Bar Rules) provided, however, that if Richard B. Collins shall on or before the 31st day of March, 1977, comply with the Order of the Superior Court dated the 15th day of December, 1975, over the signature of Ralph E. Moody and all parts thereof and shall further on or before the 31st day of March, 1977, satisfactorily close, without further delay or extension of time, the Estate of Ronnie B. Devening, No. 72–3559P, then in such event it is the recommendation of this Committee that the discipline be reduced to private reprimand by the Disciplinary Board (Rule 12(d) Alaska Bar Rules).[5]

The matter then came before the Disciplinary Board of the Alaska Bar Association.[6]

---

3. In its findings, the Hearing Committee stated, in part:

   At the opening of the hearing and before taking testimony, R. Everett Harris on behalf of the Respondent, urged that the Committee limit itself to the matter of delay only in determining whether there had been neglect on the part of the Respondent under the provisions of DR6A101(A)(3) and on that basis admitted all allegations of the Petition.

   .    .    .    .    .

   The committee being of the opinion that there was nothing in controversy in this matter save and except evidence which might bear upon the aggravation or mitigation of the neglect charged in the Petition proceeded to hear the testimony of Marjorie D. Bell and to review the Court records as contained in the Exhibits herein recited.

4. By the time disciplinary proceedings were commenced against Collins, the status of the estates entrusted to him, other than the Helmerson Estate, was as follows: 3 estates had been closed after having been open for 4 years and 9 months, 5 years and 5 months, and 7 years and 4 months, respectively; one estate, having been open for 7 years and 6 months, had just been transferred by Collins to another attorney; and 2 estates were still open, having

been so for 4 years and 3 months, and 5 years and 5 months, respectively.

5. The Hearing Committee's Findings and Recommendations was dated March 1, 1977.

   Superior Court Judge Ralph Moody's order was entered on the 15th day of December 1975. Collins had been cited for contempt on the motion of the Probate Master and, after hearing, Judge Moody entered an order which required Collins to close the subject estates within specific time frames and further provided that:

   For failure to comply with this Court's order within the times specified, Mr. Collins shall pay into the Court's registry the sum of Five Hundred Dollars ($500.00).

6. Rule II–13, Alaska Bar Rules, provides, in part:

   (a) The Board of Governors of the Alaska Bar Association shall have the powers and duties described herein. The Board of Governors shall meet at least once every three months for the consideration of grievance matters. When so meeting, and when otherwise exercising the powers of fulfilling the duties described in these rules, the Board of Governors shall be known as 'the Disciplinary Board of the Alaska Bar Association'.

The Disciplinary Board considered the case on the record and "based upon its independent review of the record," found:

1. The Respondent's inexcusable neglect of legal matters entrusted to him in violation of DR 6–101(A)(3) warrants public censure by the Court, regardless of any action taken by Respondent with respect to these matters subsequent to the hearing before the Hearing Committee.

2. The proposed findings and recommendations of the Hearing Committee should be modified to reflect an unconditional recommendation for the public censure by the Court, and

3. The proposed findings and recommendations of the Hearing Committee as modified should be adopted by the Board as its conclusions and recommendations in this matter.[7]

The case is now before this court pursuant to Rule II–16(c), Alaska Bar Rules.[8]

The principal issue before us is the appropriateness of the Disciplinary Committee's recommendation that a public censure of respondent be issued by this court. Under the terms of Rule II–16(c), Alaska Bar Rules, when the Disciplinary Board determines that the matter should be concluded by public censure and so recommends, this court then "shall review the record and briefs submitted and enter an appropriate order."

Based upon our review of the entire record in this proceeding, we have concluded that the recommendation of the Disciplinary Board calling for public censure of respondent is appropriate and should be adopted. It is uncontested that respondent is chargeable with inexcusable neglect in his handling of the seven probate matters involved in this proceeding. His failure to perform in accordance with the high standards expected of members of the Alaska Bar has resulted in inordinate delays in the closing of these estates, has caused inconvenience and possible hardship to interested parties in several of the estates and has burdened court administrative personnel, in particular the probate master, with additional tasks. In reaching our determination that a public censure is warranted in this case, we have taken into consideration the absence of any deceit, misrepresentation, or

---

7. The Disciplinary Board further ordered that the proposed Findings and Recommendations of the Hearing Committee modified to reflect an unconditional recommendation for public censure be adopted by the Board as its conclusions and recommendations in the matter.

8. The Disciplinary Board reviewed the Hearing Committee's Findings and Recommendations pursuant to this rule. Rule II–16(c) provides, as to review by the Disciplinary Board and by this court, that:

Upon receipt of a report and recommendation from a hearing committee, the Board shall set the dates for the submission of briefs. Unless the respondent-attorney or Bar Counsel makes a written request to the Board for oral argument within the date set for the submission of the briefs, oral argument shall be deemed waived. If neither the respondent-attorney nor Bar Counsel objects to the findings and recommendations of the hearing committee, the submission of briefs may be waived by stipulation, subject to approval by the Board. The Board shall either affirm or modify the recommendation. In the event that the Board determines that a proceeding should be dismissed, it shall order it dismissed. In the event that the Board determines that the proceeding should be concluded by informal admonition or by private reprimand, it shall arrange through Bar Counsel for the informal admonition or it shall direct the respondent-attorney to appear before it for delivery by the President or Vice President of the reprimand. In the event that the Board shall determine that the matter should be concluded by public censure, suspension, or disbarment, it shall submit its conclusions and recommendations in writing, together with the entire record, including a transcript of any proceedings before the hearing committee and the Board, to the Court. Upon receipt of the Board's conclusion and recommendations, the Court shall set the dates for the submission of briefs. Unless the respondent-attorney or Bar Counsel makes a written request to the Court for oral argument within the date established for the submission of the briefs, oral argument shall be waived. If neither the respondent-attorney nor Bar Counsel objects to the conclusions and recommendations of the Board, the submission of briefs may be waived by stipulation, subject to approval by the Court. The Court shall review the record and briefs submitted and enter an appropriate order. Proceedings, if any, before the Court shall be conducted by Bar Counsel.

unauthorized pecuniary gain on respondent's part in these matters. Further, we have not overlooked the fact that respondent admitted before the Hearing Committee that he had violated Disciplinary Rule 6–101(A)(3) in that he did neglect a legal matter which had been entrusted to him.[9] If it were not for those considerations, a harsher sanction would be indicated.

Upon consideration of the foregoing, we hold that the Disciplinary Board's recommendation calling for a public censure of respondent is a more appropriate sanction than the Hearing Committee's recommendation of a private reprimand.[10] We therefore conclude that respondent should be publicly censured for his neglect over a period of many years to attend to the necessary legal work connected with the seven estates for whose personal representatives he had been the attorney of record.[11]

CONNOR, J., did not participate.

**9.** We have also considered the fact that respondent paid the $500 conditional fine which was imposed by the superior court. *See* note 4, *supra.*

**10.** As was noted at the outset, the committee's recommendation of a private reprimand was conditioned upon respondent's closing the subject estates according to a stipulated schedule. In reaching our determination that appropriate discipline in these matters calls for a public censure, we have assumed that respondent has demonstrated good cause for not closing the Devening Estate on or before March 31, 1977.

**11.** *See In re Member of the Bar,* 226 A.2d 705 (Del.1967). *See also People v. Pughe,* 182 Colo. 404, 513 P.2d 1061 (1973); *People v. Bailey,* 180 Colo. 210, 503 P.2d 1023 (1972).